UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER GOOTRAD, <br><br> Plaintiff, <br><br> v. <br><br> SUBURBAN SURGICAL COMPANY, INC., <br><br> Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Plaintiff Peter Gootrad by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint at Law against Defendant Suburban Surgical Company, Inc. states as follows:

### NATURE OF ACTION

1. This is a single-plaintiff action for damages and injunctive relief against Defendant for unlawful interference with Plaintiff's rights and retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").[1]

2. Additionally, this case is brought as an individual action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL"), for Defendant's failure to pay Plaintiff at a rate of one and one-half times his regular rate of pay ("overtime") for all hours worked in excess of forty (40) hours per week.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617(a)(2) of the FMLA, and 29 U.S.C. § 216(b) of the FLSA.

---

[1] Plaintiff is concurrently filing a Charge of Discrimination with the Illinois Department of Human Rights, cross-filed with the Equal Employment Opportunity Commissions, alleging disability discrimination and a failure to accommodate. Plaintiff will seek to amend to add these claims once he receives his Notice of Right to Sue.

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 29 U.S.C. § 1367.

5. The statutory violations described herein were committed at Defendant's place of business in Wheeling, Cook County, Illinois. Venue in the Eastern Division of the District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Peter Gootrad ("Gootrad") resides in Wheeling, Illinois.

7. Plaintiff was an employee of Defendant Suburban Surgical Company, Inc. ("SSCI") at its office in Wheeling, Illinois from on or about November 24, 2008 through December 29, 2020.

8. SSCI is a domestic corporation, headquartered in Wheeling, Illinois. SSCI creates and sells veterinary equipment to animal care professionals.

9. At all times relevant, Plaintiff was an "employee" within the meaning 29 U.S.C. § 2611(2)(A).

10. From in or about December 2019 through on or about October 22, 2020, Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 2611(4)(A).

11. SSCI is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Throughout the relevant time period, Defendant employed more than 50 employees within 75 miles of their location in Elgin, Illinois.

13. From October 2018 through October 2019, Plaintiff worked in excess of 1,250 hours.

14. From October 2019 through October 2020, Plaintiff worked in excess of 1,250 hours.

## FACTUAL ALLEGATIONS

15. Mr. Gootrad worked for SSCI as a salesman from on or about November 24, 2008 through December 29, 2020.

16. Throughout his employment, Mr. Gootrad performed his job satisfactorily.

17. From 2018 through the end of his employment, Mr. Gootrad was paid a base salary of $36,000 annually plus a commission based on sales.

18. From the start of his employment through in or around 2017, SSCI properly classified as "non-exempt" from the maximum hours provisions of the FLSA and IMWL.

19. In or around 2017, SSCI changed Mr. Gootrad's classification and improperly categorized him as "exempt" from the maximum hours provisions of the FLSA and IMWL.

20. Despite this change, and specifically including from May 2018 through the end of his employment, Mr. Gootrad continued to work more than forty (40) hours per individual workweek on a regular basis.

21. After this change, and specifically including from May 2018 through the end of his employment, SSCI no longer compensated Mr. Gootrad at the overtime rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours per individual workweek.

22. Additionally, for weeks in which Mr. Gootrad worked more than forty hours and also earned a commission, SSCI failed to account for his commissions earnings as a part of his regular rate.

23. Consequently, SSCI failed to account for or compensate Mr. Gootrad at the correct overtime rate of one and one-half times his regular rate of pay, including his earned commissions, for the hours he worked in excess of forty (40) hours per individual workweek when he also earned commissions.

24. On or about March 23, 2018, Mr. Gootrad was diagnosed with metastatic colon cancer, which is a serious health condition.

25. Mr. Gootrad's cancer is incurable, but is kept under control with medical treatment, including chemotherapy.

26. Each course of chemotherapy treatments Mr. Gootrad received occurred over a period of three months

27. Beginning in or around September 2020, Mr. Gootrad began another round of chemotherapy to treat his metastatic colon cancer.

28. The chemotherapy sessions occurred several times per week and required him to leave work to receive the treatments.

29. On occasion, the chemotherapy treatment left Mr. Gootrad feeling weak and/or sick and unable to return to work right away.

30. Mr. Gootrad kept SSCI informed of his serious medical condition, as well as the required treatment, and the treatment schedule.

31. In September 2020, shortly after Mr. Gootrad began chemotherapy treatment, SSCI reassigned a portion of his sales territory and clients to other employees.

32. On or about November 16, 2020, SSCI amended its practices so that Mr. Gootrad would no longer would receive payment of commissions on sales he made if he was not physically

in the office when the sale was completed, irrespective of the fact that he had already completed all work necessary to close the sale.

33. On November 20, 2020, SSCI began requiring Mr. Gootrad to provide doctor's notes for all of his absences. Mr. Gootrad complied with this new requirement.

34. Although Gootrad's doctor said he could work without restrictions, on November 23, 2020 SSCI deemed him a workers' compensation liability and began requiring him to clock in and out of work.

35. The same day, on November 23, 2020, Mr. Gootrad met with the President of SSCI (Todd Pinkerman), a Human Resources Representative (Nancy Rusch), and Supervisor (Dorie Pinkerman). During this meeting, they informed Mr. Gootrad that he would no longer receive paid sick leave, vacation days, or holidays.

36. On December 29, 2020, SSCI terminated Mr. Gootrad's employment.

37. At no point did SSCI alert Mr. Gootrad of his rights under the FMLA, including his right to intermittent leave.

38. At no point did SSCI provide Mr. Gootrad with any documentation or paperwork regarding his rights, eligibility, or affording him the option to apply for leave pursuant to the FMLA.

## COUNT I
## FAIR LABOR STANDARDS ACT

39. Plaintiff re-states and incorporates Paragraphs 1 through 23 as though fully set forth herein.

40. This Count arises from Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay the Plaintiff at the correct time-and-one-half his regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

41. At all times relevant, Defendant has been an "employer" as defined in the FLSA. 29 U.S.C. ¶ 203, *et seq.*

42. At all times relevant, Plaintiff was employed by Defendant as an "employee" within the meaning of the FLSA. 29 U.S.C. ¶ 203, *et seq.*

43. Plaintiff regularly worked in excess of forty (40) hours per workweek.

44. Plaintiff was entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

45. Plaintiff's correct overtime rate includes an adjustment to his regular rate of pay to account for commissions earned during weeks in which he worked more than forty hours.'

46. Defendant failed to pay Plaintiff at the overtime rate for all hours worked over forty (40) in a workweek.

47. Defendant's failure to pay compensation to Plaintiffs at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

48. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and altering Plaintiff's non-exempt status in order to cease paying him at the proper overtime rate. Thus, Defendant's failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff Peter Gootrad respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation from May 10, 2018 through the present, according to the applicable statute of limitations for willful violations of the FLSA and the Parties' Tolling Agreement;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

 c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

 d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

 e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

 f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW

48. Plaintiff re-states and incorporates paragraphs 1 through 23 as though fully set forth herein.

49. This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for to pay Plaintiff at the correct time-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

50. At all relevant times herein, Defendant has been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

51. At all times relevant, Plaintiff was employed by Defendant as an "employee" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*

52. Plaintiff regularly worked in excess of forty (40) hours per workweek.

53. Pursuant to the IMWL, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be fully compensated at the proper overtime rate.

54. Plaintiff's correct overtime rate includes an adjustment to his regular rate of pay to account for commissions earned during weeks in which he worked more than forty hours.'

55. Defendant violated the IMWL by failing to compensate Plaintiff with overtime wages all hours worked in excess of forty (40) per workweek.

56. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiff is entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments for wages earned prior to February 19, 2019, statutory damages in the amount of five percent (5%) per month of the amount of underpayments for wages earned after February 19, 2019, plus treble the amount of any underpayments for wages earned after February 19, 2019.

WHEREFORE, Plaintiff Peter Gootrad respectfully requests that this Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 ILL. COMP. STAT. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1 *et seq.*; and

f) Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

49. Plaintiff restates and incorporates Paragraphs 1 through 38 as though fully set forth herein.

50. The matters set forth in this Count arise from Defendant's violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

51. As an eligible employee who required time off due to his own serious health condition, Plaintiff was entitled to take leave pursuant to the FMLA.

52. Defendant interfered with Plaintiff's rights under the FMLA by failing to provide him with notice or information that he might qualify for, be eligible for, and/or entitled to receive protected leave from work pursuant to the FMLA.

53. Defendant interfered with Plaintiff's rights under the FMLA by failing to investigate whether he might be eligible for and/or entitled to FMLA protected leave from work once they received notice of his serious health conditions.

54. Defendant interfered with Plaintiff's rights under the FMLA by changing the terms and conditions of his work, reducing his sales territory, and terminating him.

55. Defendant's violations of the FMLA have caused Plaintiff to incur damages, including but not limited to loss of income.

WHEREFORE, Plaintiff Peter Gootrad respectfully requests that this Court enter an order as follows:

    A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

    B. Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

    C. Awarding Plaintiff reinstatement or front pay in the alternative;

    D. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

    E. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    F. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT - RETALIATION

56. Plaintiff restates and incorporates Paragraphs 1 through 38 as though fully set forth herein.

57. The matters set forth in this Count arise from Defendant's violation of the FMLA, 29 U.S.C. § 2601, et seq.

58. As an eligible employee who required time off due to his own serious health condition, Plaintiff was entitled to take leave pursuant to the FMLA.

59. Defendants retaliated against Plaintiff for taking time away from work due to his serious health conditions by changing the terms and conditions of his employment and terminating his employment, in violation of the FMLA.

60. Defendant's violations of the FMLA have caused Plaintiff to incur damages, including but not limited to loss of income.

WHEREFORE, Plaintiff Peter Gootrad respectfully requests that this Court enter an order as follows:

    A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

    B. Enjoining and permanently restraining these violations of the FMLA;

    C. Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

    D. Awarding Plaintiff front pay;

    E. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

    F. Awarding Plaintiff injunctive relief;

    G. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

   H. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

Dated: June 25, 2021          Respectfully submitted,
                  PETER GOOTRAD

Alexis D. Martin, #06309619
Madeline K. Engel, #6303249
Caffarelli & Associates, Ltd.       By: /s/ *Alexis D. Martin*
224 S. Michigan Ave., Suite 300        Attorney for Plaintiff
Chicago, Illinois 60604
Tel. (312) 763-6880
*amartin@caffarelli.com*
*mengel@caffarelli.com*

11